PEARSON, MJ.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SCOTT COLLIN RABB, | CASE NO. 5:09CV01098 |
| Petitioner, | |
| v. | JUDGE NUGENT |
| | MAGISTRATE JUDGE PEARSON |
| MICHELE MILLER, WARDEN, | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Scott Collin Rabb filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein Rabb raised two grounds for relief alleging deficiencies in his indictment and trial court sentencing. ECF No. 1. Rabb is incarcerated at Belmont Correctional Institution, serving two consecutive three-year sentences following his 2007 convictions for two counts of robbery. Respondent admits having custody of Rabb and moves to dismiss Rabb's Petition as time-barred, unexhausted and not cognizable under § 2254. ECF No. 8.

The petition raises issues that are not cognizable in federal court and unexhausted. The primary reason, however, for recommending dismissal is failure to timely file. For the reasons that follow the undersigned Magistrate Judge recommends that the entire petition be dismissed as time-barred.

## I. Factual and Procedural Background

### A. Facts of the Underlying Offense, Disposition of Charges, and Sentencing

(5:09CV1098)

### 1. Facts

The State Appellate Court did not reach the facts of Rabb's case.  Aided by the police reports and the complaint, Rabb's version of events are as follows:

> On October 28, 2007, Petitioner was arrested for an incident which involved the attempted purse-snatching of a female patron to a bar located @ 114 12th St. NE; Canton, Ohio.
>
> On November 16, 2007, Petitioner received a bill of information charging two (2) counts of robbery. . . . On this same day, without occasion to make an informed assessment, appointed counsel advised Petitioner to plead guilty to information. ... Even though crimes were unequivocally allied offenses of similar import, trial court imposed (2) consecutive three-year prison terms.

ECF No. 1 at 2.

### 2. Disposition of Charges and Sentencing

In November of 2007, Rabb was charged with two counts of robbery.  ECF No. 8-1 at 2. Rabb entered pleas of guilty to both counts.  ECF No. 8-1 at 4.  On November 20, 2007, the trial court found Rabb guilty and issued a three-year sentence for each count of robbery to be served consecutively.  ECF No. 8-1 at 9.

### B. State Post Conviction Petition

On June 24, 2008, Rabb filed a *pro se* post-conviction petition in State court seeking to vacate or set aside sentence and requested a hearing.  ECF No. 8-1 at 13.  Rabb asserted that the Bill of Information was defective and his defense counsel was ineffective because counsel:

1. lacked sufficient knowledge of criminal law,
2. did not object to a defective Bill of Information,
3. did not object to discrepancies in police reports,
4. failed to investigate the case,
5. failed to investigate Rabb's actual innocence claim, and
6. failed to investigate Rabb's claim that he was a heroin addict going through

2

(5:09CV1098)

withdrawal at the time of the alleged robbery.

ECF No. 8-1 at 14.  On July 10, 2008, Respondent moved to dismiss.  ECF No. 8-1 at 28.  On July 18, 2008, the trial court denied Rabb's petition "[f]or reasons stated in the Response filed by the State of Ohio."  ECF No. 8-1 at 35.  Those reasons include, timeliness, *res judicata*, and Rabb's failure to file a transcript with the petition.  ECF No. 8-1 at 28.  Rabb did not appeal the trial court's judgment.

### C. Direct Appeal

On August 25, 2008, Rabb filed a *pro se* notice and motion of delayed appeal to the State Appellate Court.  ECF No. 8-1 at 36 - 37.  On August 27, 2008, Rabb filed a memorandum in support setting forth the following assignments of error:

> 1.  Trial Court lacked subject-matter jurisdiction to accept guilty please [sic] to information that was fatally defective and void.
>
> 2.  Trial Court erred in not finding offenses of similar import, due to same animus, and infringed upon double jeopardy protections by not imposing concurrent sentences.

ECF No. 8-1 at 38.  Respondent filed a response and motion to dismiss.  ECF No. 8-1 at 49.  On September 22, 2008, the State Appellate Court denied the motion and dismissed the appeal because Rabb "failed to establish good cause for delay in filing a timely appeal and for the delay in filing the instant motion."  ECF No. 8-1 at 55.  There is no indication that Rabb filed an appeal from the State Appellate Court denial and dismissal to the Ohio Supreme Court.

### D. Federal Writ of Habeas Corpus
####   1. Federal Writ of Habeas Corpus Matter 5:08CV2416

On October 10, 2008, Rabb filed his first federal habeas petition.  Case No. 5:08cv2416 -

3

(5:09CV1098)

ECF No. 1.  Respondent has noted that the first habeas petition is identical to the instant federal habeas petition and that both documents were signed with the same date of October 6, 2008. ECF No. 8 at 5.  On December 8, 2008, Judge Donald C. Nugent dismissed the federal habeas petition pursuant to Rule 4 of the Rules Governing § 2254 cases because Rabb did not appeal the review of his conviction to the Ohio Supreme Court and therefore, on its face, the petition failed to exhaust his state remedies. Case No. 5:08cv2416 - ECF No. 5.  The case was closed on December 8, 2008.

On December 30, 2008, Rabb filed a motion for relief from judgment.  Case No. 5:08cv2416 - ECF No. 7.  On January 22, 2009, Judge Nugent denied Rabb's motion.  Case No. 5:08cv2416 - ECF No. 8.  The case remains closed.

## 2. Federal Writ of Habeas Corpus 5:09CV1098

On May 12, 2009, Rabb, *pro, se* filed the instant petition for writ of habeas corpus setting forth the following grounds for relief:

> **GROUND ONE**: Due to an information which failed to charge any criminal acts, trial court lacked subject-matter jurisdiction to accept guilty pleas.
>
> **GROUND TWO**: The offenses, in this case, were allied offenses of similar import, due to having same animus, and imposition of consecutive sentences vitiated [sic] double jeopardy protections.

ECF No. 1.

On September 10, 2009, Respondent filed a motion to dismiss.  ECF No. 8.  On September 6, 2009, the undersigned ordered Rabb to respond to Respondent's motion to dismiss within 10 days of the date of the order, if he wanted his response to be considered by the Court. ECF No. 9.  Rabb did not respond.  The motion is ripe for consideration.

4

(5:09CV1098)

## II. Law and Analysis
### A. Standard of Review

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ( or "AEDPA"), because Rabb filed his habeas corpus petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The Antiterrorism and Effective Death Penalty Act of 1996 altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. Under AEDPA, before Rabb's claims can be reviewed on the merits by a federal court, each claim must successfully overcome the procedural hurdles of time limitation, exhaustion, cognizability, and procedural default. Once successfully over these hurdles, then AEDPA governs the Court's review of the habeas corpus petition. As amended, 28 U.S.C. § 2254(d) provides:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-413 (2000). Law is "clearly established" only by holdings of the

(5:09CV1098)

Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

### B.  Procedural Hurdles to Review

A petitioner must overcome several procedural hurdles before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Case: 5:09-cv-01098-DCN Doc #: 10 Filed: 05/28/10 7 of 17. PageID #: 121

(5:09CV1098)

Respondent has not argued that Rabb's petition is barred due to lack of jurisdiction[1] or procedural default and the Court has not identified any such frailties. Rabb's grounds for relief, however, do not overcome the procedural hurdles of timeliness, exhaustion, and cognizability.

### 1. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all available state remedies or have no remaining state remedies available before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also* Baldwin v. Reese, 541 U.S. 27, 29 (2004); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991); Rust v. Zent, 17 F3d 155, 160 (6th Cir. 1994). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

If, as in the prior petition, a timely petition contains only unexhausted claims, the court should dismiss the petition and direct that the petitioner pursue his or her state remedies in a timely manner, usually within 30 days thereafter, and re-file the petition within 30 days following exhaustion. *Griffin*, 308 F.3d at 651-52; Hargrove v. Brigano, 300 F.3d 717, 720-21 (6th Cir. 2002); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). If the petitioner diligently exhausts his remedies and promptly returns to federal court, he will be entitled to equitable tolling of the one-year statute of limitations. *Griffin*, 308 F.3d at 652.

On December 8, 2008, Judge Nugent dismissed Rabb's prior petition without prejudice, as

---

[1] Rabb was convicted in the Court of Common Pleas, Stark County, Ohio within the Northern District of Ohio. *See* 28 U.S.C. § 2241(a) & (d). The Court, therefore, has jurisdiction over Rabb's Petition.


(5:09CV1098)

unexhausted. Case No. 5:08cv2416 - ECF No. 5. Rabb, however, was not diligent in exhausting his remedies before refiling. Instead, Rabb filed a motion for relief from Judge Nugent's judgment and waited until May 2009 to file a federal habeas petition that is identical to the petition that has already been denied. Rabb still has not "fairly presented" his claims to the Ohio Supreme Court. As Ohio Supreme Court review may still be available, Rabb's claims remain unexhausted and unavailable for federal review. 28 U.S.C. § 2254(b); *Rust*, 17 F.3d at 160. Further, as explained below, even if Rabb had immediately filed a delayed motion for appeal to the Ohio SupremeCourt, the instant petition would still be time-barred and therefore should be subject to dismissal.

### 2. Cognizability

State prisoners are entitled to federal habeas corpus relief only when they are in custody due to violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. As such, to the extent a petitioner's argument is based upon state law, the petitioner has failed to state a claim upon which habeas corpus relief may be granted unless the issue concerning an error in state law is so egregious that the petitioner was denied a fundamentally fair trial. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Walker v. Engle,* 703 F.2d 959 (6th Cir. 1983) ("it is not enough that a petitioner simply assert that a claim is a federal constitutional issue . . . there must be constitutional errors that are material to the outcome of the case, and that resulted in a denial of fundamental fairness to the petitioner."). The Supreme Court has defined "very narrowly; the category of infractions that

8

(5:09CV1098)

violates 'fundamental fairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir. 2007) (*quoting Dowling v. U.S.*, 493 U.S. 342 (1990).

In Grounds One and Two, Rabb is essentially accusing the State trial court of making several mistakes and requesting that the undersigned act almost as a second state appeals court rendering judgment on state law matters with no attendant constitutional issues.[2]  For example, Rabb's first ground for relief regarding the deficiency of his indictment is not cognizable in this Court.  *Roe v. Baker*, 316 F.ed 557, 570 (6th Cir. 2002) ( "Beyond notice, a claimed deficiency ina state criminal indictment is not cognizable on federal collateral review.") (*citing Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).  Also, Rabb's second ground for relief regarding the state court's sentencing decision is not cognizable in this Court.  *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986) (holding it is the obligation of the federal courts to accept as valid a state court's interpretation under state law of the statutes and rules of practice of that state.); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (holding if there is error, federal habeas corpus relief does not lie for errors of state law.).

As Rabb offers no evidence of a "denial of fundamental fairness" to salvage his claims, even

---

[2] Rabb's assignments of error in his motion for delayed appeal are almost identical to his grounds for relief in the instant petition, which tends to show that Rabb is merely seeking further review of the State Appellate Court decision.  It is not, however, the responsibility of the federal habeas court to act as a state appellate court.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988) (holding that a federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. ); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions.); *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983) (It is well settled in habeas law that "[a] federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law.").

9

(5:09CV1098)

if the instant petition were not time-barred, both Grounds One and Two are not cognizable under § 2254 and should be denied as such.

### 3. Statute of Limitations

The AEDPA's statute of limitations for filing a petition for a writ of federal habeas corpus is one year and begins to run on the date the State judgment became final. 28 U.S.C. § 2244(d)(1). As explained in detail below, despite statutory tolling during the pendency of his motion for delayed appeal, Rabb's entire petition is time-barred because the petition was filed after the expiration of the one-year statute of limitations.

The relevant statute provides:

(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)&(2).

#### a. Rabb's Entire Petition – Grounds One & Two - are Time - Barred

As Rabb failed to appeal to the State Appellate Court within 30 days of the trial court's judgment on November 20, 2007, thereby allowing the time to seek such review to expire, the

10

(5:09CV1098)

undersigned finds that the correct initial starting date is December 20, 2007.[3] Rabb did not file the instant habeas petition until May 12, 2009, approximately a year and a half later. Accordingly, absent a great amount of statutory and/or equitable tolling, Rabb's entire habeas petition should be dismissed as time-barred.

### b. Tolling

The statute of limitations can be stopped or tolled either statutorily or equitably. The undersigned finds that the statute of limitations was statutorily tolled during the pendency of Rabb's motion for delayed appeal. The statute of limitations, however, was not equitably tolled.

### (1) Statutory Tolling

As explained above, the statute of limitations is statutorily tolled while a "properly filed" state post-conviction or other collateral review proceeding is pending. 28 U.S.C. § 2244(d)(2). Rabb initiated two post-conviction proceedings that could arguably have caused statutory tolling – his motion for delayed appeal and an earlier filed petition to vacate or set aside judgment of conviction or sentence.

### (a) Motion for Delayed Appeal

There is no dispute that Rabb's motion for delayed appeal statutorily tolled the running of the statute of limitations until November 6, 2008 or for 73 days. Such a motion for delayed appeal, even if granted, does not, however, restart the statute of limitations, but it does toll the statute during

---

[3] Respondent's calculation does not include tolling of the statute during the pendency of Rabb's delayed appeal and the subsequent 45 days allotted to appeal to the Ohio Supreme Court. Instead Respondent noted that "[s]ince Rabb is already nearly five months beyond the statute of limitations, his motion for delayed appeal will have no effect on the limitations question." ECF No. 8 at 11. Nevertheless, the undersigned, discusses statutory tolling in detail.

11

(5:09CV1098)

the time the motion was pending. *DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.2001) (holding that motions for delayed appeal toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2), but that such motions are not part of the direct appeal for the purposes of 28 U.S.C. § 2244(d)(1)). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000); *Rachid v. Khulmann, supra*; cf. *United States ex. rel Gonzalez v. DeTella*, 6 F.Supp.2d 780, 782 (N.D. Ill. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Rabb filed his motion on August 25, 2008. ECF No. 8-1 at 36-37. The state responded on August 29, 2008. ECF No. 8-1 at 49. The State Appellate Court issued a judgment entry on September 22, 2008 denying the motion and dismissing the appeal because Rabb "failed to establish good cause for delay in filing a timely appeal and for the delay in filing the instant motion." ECF No. 8-1 at 55. There is no record of Rabb appealing to the Ohio Supreme Court. Rabb's motion for delayed appeal tolled the statute of limitations for a total of 73 days (28 days that elapsed between filing and judgement entry plus 45 days to timely appeal to the Ohio Supreme Court). The statute resumed running on November 6, 2008. The new statute of limitations cut off date became March 3, 2009 – at least two months earlier than the May 2009 date on which Rabb filed the instant federal habeas petition. Ultimately, even though the motion for delayed appeal tolled the statute of limitations for 73 days, Rabb still failed to timely file the instant federal habeas petition.

**(b) Petition to Vacate and Set Aside**

On June 24, 2008, Rabb filed a petition to vacate and set aside sentence and requested a

12

(5:09CV1098)

hearing. ECF No. 8-1 at 13. Respondent filed a response and motion to dismiss on July 10, 2008. ECF No. 8-1 at 28. On July 18, 2008, the State trial court denied Rabb's petition "[f]or reasons stated in the Response filed by the State of Ohio." ECF No. 8-1 at 35. Those reasons include, timeliness, *res judicata*, and Rabb's failure to file a transcript with the petition. ECF No. 8-1 at 28. An untimely petition is not considered "properly filed" and does not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that "when a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of sec. 2244(d)(2)").

### (c) Prior Federal Habeas Petition

As Respondent correctly stated in her motion to dismiss, the prior habeas petition does not toll the limitations period because it is not an "application for State post-conviction or other collateral review" within the meaning of 28 USC 2244(d)(2)." ECF No. 8 at 9 *( quoting Duncan v. Walker*, 533 US 167, 182 (2001); *see also Godbolt v. Russell*, 82 Fed. Appx. 447, 450 (6th Cir. 2003).

### 2. Equitable Tolling, Generally

The United States Supreme Court has not yet decided whether the statute of limitations for habeas actions is subject to equitable tolling. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n 8 (2005).[4] The Supreme Court has, however, provided that if equitable tolling were to be available in habeas challenges to state court convictions a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in the way of timely filing. *Pace*, 544

---

[4] The Supreme Court has granted certiorari in an equitable tolling case, *Holland v. Florida*, 539 F.3d 1334 (11th cir. 2008), cert granted, ___ U.S. ___, 130 S.Ct. 398, 175 L.Ed.2d 267 (2009), and may decide that question definitively this term.

(5:09CV1098)

U.S. at 418. There is some additional support for this theory given that federal appellate courts, including the Sixth Circuit, have determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. "These factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)). "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Keenan*, 400 F.3d at 421. The Sixth Circuit has repeatedly cautioned that equitable tolling should be granted "sparingly." *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare."). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653.

14

(5:09CV1098)

### (a)  Equitable Tolling Does not Apply

After a review of the pleadings and an analysis of the factors in *Pace, Dunlap,* and *Andrews v. Orr,* the Court finds that Rabb has failed to establish that he is entitled to equitable tolling.  Rabb has not shown a lack of actual or constructive notice of the filing requirement, ignorance of the legal requirement for filing his claim, or absence of prejudice to Respondent.

Most importantly, Rabb has not proven that he has been "pursuing his rights diligently." Rather, he has consistently filed matters late or not at all.  He did not timely file a direct appeal to the State Appellate Court or the Ohio Supreme Court.  Later he filed a delayed appeal which was subsequently dismissed as untimely.  Rabb did not file an appeal to the State Appellate Court or the Ohio Supreme Court upon denial of his motion for post conviction relief.  After his first federal writ of habeas was dismissed as unexhausted, Rabb did not pursue exhaustion of his grounds.  Instead after five months of  inactivity, he filed the instant federal writ of habeas.  In fact, even after the undersigned prompted him to respond, Rabb did not file a response to Respondent's motion to dismiss.  ECF No. 9.  There is no evidence in the record that demonstrates Rabb's "diligence." *See Dixon v. Ohio*, 81 Fed. Appx. 851, 853 (6th Cir. 2003) ("Dixon has not demonstrated that he was unaware of the statute of limitations, or that he was diligent in pursuing his claims, when he allowed several months to go by before filing a delayed appeal, and allowed a full year to expire before filing this petition.").

Finally, it does not appear from the facts that there were "extraordinary circumstances in [Rabb's] way," or issues that unavoidably arose from circumstances beyond the litigant's control. Rather, Rabb's failure to timely file arose from circumstances within his control.

15

(5:09CV1098)

The circumstance a *pro se* petitioner is most likely to assert is a lack of knowledge of the law. Although Rabb does not explicitly make this claim, it is well established that ignorance of the law, among other excuses, is not an extraordinary circumstance that warrants equitable tolling. *See Taravella v. Eberlin*, 2006 WL 39262 at *3 (S.D. Ohio Jan. 6, 2006) ("Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse.' This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions."); *see Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing."); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Montenegro v. U.S.*, 248 F.3d 585, 594 (7th Cir.2001) (holding that equitable tolling is not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir.2001.).

Because Rabb has failed to show that he pursued his rights diligently or that some extraordinary circumstance prevented his timely filing, Rabb has failed to demonstrate that the statute of limitations should be equitably tolled in this instance. Accordingly, Grounds One and Two are untimely under AEDPA and should be dismissed as time-barred.

### III. Recommendation

Based upon the foregoing analysis, the undersigned Magistrate Judge finds that Rabb's entire

16

(5:09CV1098)

petition is time-barred and that Grounds One and Two are unexhausted and not cognizable under 28 U.S.C. § 2254. Accordingly, the undersigned recommends that the petition of Scott Collin Rabb be dismissed in its entirety without further proceeding.

|  |  |
|---|---|
| Dated: May 28, 2010 |    */s/ Benita Y. Pearson*<br>United States Magistrate Judge |

## **OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).